Matter of Adam M.C. (Hanane M.) (2024 NY Slip Op 00556)

Matter of Adam M.C. (Hanane M.)

2024 NY Slip Op 00556

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

981 CAF 22-00559

[*1]IN THE MATTER OF ADAM M.C. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; HANANE M., RESPONDENT-APPELLANT.

CHARU NARANG, ROCHESTER, FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered March 28, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order of Family Court (Nesser, J.), following a dispositional hearing, that, inter alia, terminated her parental rights with respect to the subject child on the ground that she severely abused the child. In a prior Family Court Act article 10 proceeding, the court (Romeo, J.) determined, inter alia, that the mother severely abused the subject child (see Family Ct Act § 1012 [e] [i]; Social Services Law § 384-b [8] [a] [i]). We affirm.
Inasmuch as the mother never appealed from the order of disposition in the Family Court Act article 10 proceeding (see Family Ct Act §§ 1052, 1112 [a]), which "clearly advised the mother of her obligation to timely appeal from that order" (Matter of Byler v Byler, 207 AD3d 1072, 1076 [4th Dept 2022], lv denied 39 NY3d 901 [2022]; see § 1113), we conclude that her challenge to the court's determination that she severely abused the subject child as defined by Social Services Law
§ 384-b (8) (a) (i) is not properly before us (see generally Byler, 207 AD3d at 1076).
We have reviewed the mother's remaining contention and conclude
that it is without merit.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court